

# THE ATTORNEY GENERAL
## OF TEXAS



GROVER SELLERS
~~WILL WILSON~~ XXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable H. A. Jamison
Commissioner, Department of Banking
Austin, Texas

Dear Sir:                    Opinion No. O-5612-A
                             Re: Liability of banks in connection
                                 with the rights of survivors in
                                 respect to a joint account, etc.

Your request concerning the above subject matter is as follows:

"A few days ago we observed a condensed reference to your Opinion No. O-5612 in your September monthly report, this being an opinion addressed to the Honorable Geo. H. Sheppard, and having to do with the liability of banks in connection with the rights of survivors in respect to a joint account maintained by the bank and in respect to the question of access to a joint safety deposit box. This condensed reference reads as follows:

"'O-5612 To: George H. Sheppard, Comptroller of Public Accounts. Date: September 30, 1943. Since Arts. 541d and 541e, R.C.S., have been repealed by Acts 1943, 48th Leg., R.S., H.B. 79, Ch. 97, p. 127, Art. 7144a, Secs. 16a, 16b, V.A.C.S., governs the liability of banks for allowing the survivor depositor of a joint account to check on the account or to have access to a joint safety deposit box.'

"Accordingly we wrote you under date of April 4, requesting a copy of the opinion which you transmitted to us under date of April 7. We have read this opinion along with your opinion No. O-5836 and we are wondering if any conflict exists in respect to the subject matter.

"Although the Texas Banking Code repealed those sections of the law set out in your opinion No. O-5612 the code contained new sections on the subject matter; to-wit, Article 10 Chapter 7 and Article 6 Chapter 9 of the Code, to which your attention is invited. We would appreciate your further views in the matter."

Sections 1 and 1-A of Senate Bill No. 81, Ch. 117, of the 41st Legislature (1929), being Articles 541d and 541e, respectively, of Vernon's codification of the Revised Civil Statutes, are as follows:

"SECTION 1. When a deposit shall be made in any bank organized and operating under the laws of this State or in any national bank or other banking institution doing business in this State by any person in the name of such depositor or in the name of such depositor and another person and with notice to the bank that such deposit shall be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment shall be a valid and sufficient release and discharge to such bank or banking institution for all payments made on account of such deposit prior to the receipt by such bank or banking institution of notice in writing not to pay such deposit in accordance with the terms thereof.

"SEC. 1-A.  That when any safety deposit box has been, or shall hereafter be, rented by any bank, savings bank or trust company transacting business in this State, in the names of two or more persons, with the right of access given to either, or to the survivor or survivors of said persons, either of such persons, whether the other be living or not, shall have the right of access to such deposit box and may remove therefrom the contents thereof, and in all such cases where such removal shall have been made the said bank, savings bank, or trust company, shall be exempt from all liability whatsoever to any person whomsoever for permitting such access to, or removal of contents from, said safety deposit box."

This Act was expressly repealed by the Texas Banking Code of 1943. (H.B. No. 79, Ch. 97, 48th Leg., G. L., p. 127)

As pointed out by you, the Banking Code contains express provisions upon these two matters thus contained in the repealed statutes, being Chapter VII, Art. 10, and Chapter IX, Art. 6, respectively, as follows:

"A bank may pay a present or future deposit, payable to or on the order of (a) any one of two or more persons, or (b) a minor, married woman, or other person under disability, or in form payable to or on the order of one person, for the benefit of or in trust for another, without the terms of the trust being disclosed to the bank in writing, to any one

of such joint depositors (before or after the death of the other joint depositor or depositors), or to such minor, married woman, or other person under disability, or on the death or disability of the trustee, to the beneficiary of such trust."

"Any state, national or private bank may maintain safety deposit boxes and rent the same. In all such transactions the relationship of the bank and the renter shall, in the absence of a contract to the contrary, be that of lessor and lessee and landlord and tenant and the rights and liabilities of the bank shall be governed accordingly, and the lessee shall be deemed in law for all purposes to be in possession of the box and the content thereof. If a safety deposit box is held in the name of two (2) or more persons jointly, any one of such persons shall be entitled to access to such box and shall be permitted to remove the content thereof and the bank shall not be responsible for any damage arising by reason of such access or removal by one of said persons. If the box rental is delinquent for six (6) months, the bank after at least sixty (60) days' notice by mail addressed to the lessee at his address on the books of the bank, may, if the rent is not paid within the time specified in said notice, open the box in the presence of two (2) executive officers of the bank and a notary public and place the content of the box in a sealed envelope or container bearing the name of the lessee. The bank shall then hold the content of the box and the damages in connection therewith. If such rental, cost and damages are not paid within two (2) years from the date of opening of such box, the bank may sell any part or all of the content at public auction in like manner and upon like notice as is prescribed for the sale of real property under deed of trust."

The Texas Banking Code, therefore, contains the law applicable to the subject formerly governed by Articles 541d and 541e.

Our opinion No. O-5612, addressed to Honorable Geo. H. Sheppard, Comptroller of Public Accounts, dealt with the question of whether or not Article 7144a, Sec. 16, Vernon's Revised Civil Statutes, superseded Articles 541d and 541e. Article 7144a was enacted by the 43rd Legislature (1933), and Sec. 16 provides as follows:

"(a) No safe deposit company, trust company, corporation, bank or other institution, person or persons, having in possession or under control securities, deposits, or other assets belonging to a decedent who was a resident or non-resident, or belonging to such a decedent and one or more persons, shall deliver the same to the executors, administrators, heirs or legal representatives of said decedent, or to the survivor or survivors when held in the joint names

of a decedent and one or more other persons, or upon their order or request, unless notice of the time and place of such intended delivery or transfer be served upon the Comptroller at least ten days prior to said delivery or transfer, and delivery to be made only in the presence of the Comptroller or his duly authorized agent, who may be the County Judge of the county in which said transfer transpires, unless the Comptroller in writing consents to the transfer without his presence. And it shall be lawful for the said Comptroller or his representative to examine all of said securities, deposits or assets at the time of such delivery or transfer. Failure to serve such notice or failure to allow such examination shall render such safe deposit company, trust company, corporation, bank or other institution, person or persons liable to the payment of the amount of the tax or interest due or thereafter to become due upon said securities, deposits or other assets delivered or transferred, and in addition thereto, a penalty of not less than one thousand or more than five thousand dollars; and the payment of such tax and interest thereon, or the penalty above prescribed, or both, may be enforced in an action brought by the Comptroller in any court of competent jurisdiction.

"(b) When it is made to appear to a County Judge in this State that a safe deposit company, trust company, bank, person or corporation has in its possession, or under its control papers of a decedent or whose estate such court has jurisdiction, or that the decedent has leased from such a corporation a safe deposit box, and that such papers or such safe deposit box may contain a will of the decedent, or a deed to a burial plot in which the decedent is to be interred, or a policy of insurance issued in the name of the decedent and payable to a named beneficiary, he may make an order directing such deposit company, trust company, bank, person, or corporation to permit a person named in the order to examine such papers or safe deposit box in the presence of himself, or his duly authorized representative, or a representative of the Comptroller, and an officer of such safe deposit company, trust company, bank or corporation, or agent of such person. and if such documents are found among such papers, or in such box, to deliver said will to the Clerk of the Probate Court of such county or said deed to such persons as may be designated in such order, or said policy of insurance to the beneficiary named therein. The Clerk of said court shall furnish a receipt upon the delivery of the will to him."

We answered the Comptroller's inquiry as follows:

"Any doubts existing therefore as to whether said Articles
541d and 541e are still in effect have been dispelled by
the express repeal of these Articles by the 48th Legisla-
ture."

The writer of that opinion conferred with the Comptroller and was
advised that information as to the repeal of Articles 541d and
541e sufficiently answered his inquiry, and further development
of the matter was deemed unnecessary. The question of the effect
of the Banking Code on Article 7144a was not passed upon in the
opinion.

An answer to your present inquiry requires that we consider
whether the Banking Code repealed Article 7144a, Sec. 16. The
settled law in Texas is reflected in the following text statement:

"According to numerous pronouncements of the Texas courts,
the repeal of statutes by implication is never favored
nor presumed. The two acts will persist unless the con-
flicting provisions are so antagonistic and repugnant that
both cannot stand. Where there is no express repeal, the
presumption is that in enacting a new law the Legislature
intended the old statute to remain in operation. According-
ly, a repeal by implication will be adjudged only when such
result is inevitable or was plainly intended by the Legis-
lature. If by any reasonable construction two acts or
statutory provisions can be reconciled and so construed that
both may stand, one will not be held to repeal the other."
39 Tex. Jur. 140.

Using the above as a standard of measurement, we find little
difficulty in concluding that the statutes referred to can be
harmonized so that both may stand. Ch. IX, Art.11, of the Bank-
ing Code also contains a "shot-gun clause" repealing "all other
laws or parts of laws in conflict herewith." The Banking Code
sets up a "system of laws governing the organization, operation,
supervision and liquidation" of banks and similar institutions.
It does not purport to be a measure dealing with the subject of
taxation.

Section 16 of Article 7144a, (S.B. No. 412, Ch. 192, p. 581, Acts
of 1933) on the other hand was a tax measure. Its purpose is
indicated by the emergency clause of the law which reads as
follows:

"That by reason of the fact that there is much and unparal-
leled delinquency and an inadequate enforcement of our
present...inheritance and other tax laws, and the further
fact that it is imperative that said tax laws be strengthened,
and that an adequate system of enforcement and collection of
delinquent taxes be provided for, together with the fact that

the government of the State of Texas is losing millions of dollars annually by reason of such condition, creates an emergency,"etc.

The Banking Code, in the sections thereof previously quoted, provides in effect that a bank is authorized to surrender contents of safety deposit boxes and pay deposits to anyone of two or more joint lessees or depositors. A careful reading of Article 7144a reveals that it does not forbid such payment and is not in conflict with the foregoing. Article 7144a simply provides in substance that the Comptroller shall have an opportunity to obtain a record of a decedent's assets in a bank before same are turned over to his survivor, which record is of considerable aid to the Comptroller in preventing an evasion of the Inheritance Tax.

The practical workings of this law are described in a letter from the Comptroller to this department written in 1938, wherein it is said:

"A commission is issued to an agent, who is usually an employee of the bank, for the release of such assets without first obtaining permission from this office. The ten days notice required in the statutes is waived in this procedure."

Thus, under this system, a survivor can obtain his money or property, as provided and authorized in the Banking Code, and without delay, and the Comptroller receives from the banker who has been designated as his agent a written report on the holdings in the bank of the decedent.

There is nothing in the Banking Code reflecting the Legislature's intent to depart from its traditional stand against weakening the barriers that guard against tax evasion. Since all indications point to the contrary, we hold that this wholesome provision in our inheritance tax laws stands unrepealed. As above explained, it is apparent there is no conflict in the opinions under review.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR. 29, 1944
  G.P. Blackburn
ATTORNEY GENERAL OF TEXAS

By     Ocie Speer
       Assistant

      J. Arthur Sandlin
      Assistant

OS,JAS:AMM